UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| *In re* OGGUSA, INC.,<br><br>    Debtor<br>_____<br><br>OGGUSA, INC. *f/k/a GENCANNA GLOBAL USA,INC.*,<br><br>    Plaintiff,<br><br>v.<br><br>W.I.S.E. UNDERWRITING AGENCY LIMITED, *et al.*,<br><br>    Defendants. | Case No.<br>5:21-cv-6-JMH<br><br>Adv. Proc. No.<br>20-05031-grs<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*

This matter is before the Court on a motion by Defendants W.I.S.E. Underwriting Agency Limited ("WISE") and Talisman Casualty Insurance Company LLC ("Talisman") (collectively "Defendants"), to withdraw reference of this adversary proceeding from the bankruptcy court pursuant to 11 U.S.C. § 157(d) [DE 1]. Having been fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Withdraw Reference and request for a hearing are **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

1

On August 28, 2020, OGGUSA, Inc.[1] (hereafter "GenCanna"), a Chapter 11 bankruptcy debtor, commenced the adversary proceeding against Defendants seeking to recover insurance proceeds and other damages. [DE 1 at 3; DE 2 at 4]. GenCanna then filed an Amended Complaint on August 31, 2020. [DE 1 at 3]. Following a motion by Defendants to dismiss the amended complaint, GenCanna subsequently filed a Second Amended Complaint on October 26, 2020. [*Id.*]. Specifically, GenCanna alleges: (Count I) breach of contract, (Count II) violation of the Kentucky Unfair Claims Settlement Practices Act, (Count III) bad faith, (Count IV) negligence, (Count V) third party beneficiary, (Count VI) *quantum meruit* and unjust enrichment, (Count VII) tortious interference with contractual relations, (Count VIII) implied covenant of good faith and fair dealing, (Count IX) violation of KRS 304.12-010, (Count X) breach of fiduciary duty, and (Count XI) civil conspiracy. [DE 1-1].

On December 1, 2020, the Bankruptcy Court issued an order determining that the adversary proceeding was a non-core matter. [DE 2 at 8]. The Bankruptcy Court has since entered scheduling orders to govern the pretrial discovery process in the proceedings before it. [*Id.*]. Moreover, throughout the proceedings, the Bankruptcy Court has also reviewed a variety of motions, including

---

[1] In July 2020, GenCanna Global USA, Inc. changed its name to OGGUSA, Inc. [*See* DE 2 at 2].

those related to discovery, dismissal, the filing of amended complaints, and interventions. [DE 1 at 4; DE 2 at 4-8].

On January 6, 2021, Defendants moved to withdraw this Court's reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). In support, Defendants argue that they have a right to a jury trial over the underlying claims involved in this action and they have not consented to a trial over such non-core issues within before the Bankruptcy Court. [DE 1 at 5-13]. GenCanna, on the other hand, contends that despite the right to a jury trial, several factors and similar cases within this district support a "wait-and-see" approach. [DE 2 at 9]. Each of the parties' arguments and factors will be considered below.

## II. DISCUSSION

District courts have original and exclusive jurisdiction over "all cases under title 11." 28 U.S.C. § 1334(a). In addition, district courts also have original, but not exclusive, jurisdiction over all civil proceedings "arising under title 11" or "arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Given the specialized nature of bankruptcy proceedings, however, this Court automatically refers bankruptcy matters to the Bankruptcy Court. *See* 28 U.S.C. § 157(a); LR 83.12(a). Pursuant to § 157(d), which provides a referral process, district courts have discretion to withdraw "in whole or in part, any case or proceeding" referred to the bankruptcy court "for cause shown."

3

*Sergent v. McKinstry*, 472 B.R. 387, 404-405 (E.D. Ky. 2012). Thus, a court may grant a party's motion for discretionary withdrawal of reference if (1) the motion was timely, and (2) the movant has shown cause. *Irvin v. Faller*, 531 B.R. 704, 706 (W.D. Ky. 2015). Withdrawal of the reference is the exception to the general rule that bankruptcy matters should be adjudicated in bankruptcy court. *Id.; See Official Comm. Of Unsecured Creditors of Appalachian Fuels, LLC v. Energy Coal Res., Inc. (In re Appalachian Fuels, LLC)*, 472 B.R. 731, 748 (E.D. Ky. 2012).

Although "cause" to withdraw claims from bankruptcy court is not defined by the statute, courts consider several factors to determine whether withdrawal is appropriate. *In re MERV Properties, LLC*, No. 5:14-007-DCR, 2014 WL 201614, at *3 (E.D. Ky. Jan. 17, 2014). These factors include: (1) whether the matter is core or non-core; (2) whether the right to a jury trial exists; (3) promoting judicial economy; (4) promoting uniformity in bankruptcy administration; (5) reducing forum shopping and confusion; (6) conserving the creditor's and debtor's resources; and (7) expediting the bankruptcy process. *See In re Black Diamond Min. Co., LLC*, No. 13-145-ART, 2014 WL 549202, at *1 (E.D. Ky. Feb. 11, 2014); *see also Sergent*, 472 B.R. at 404-405; *Big Rivers Elec. Corp. v. Green River Coal Co., Inc.*, 182 B.R. 751, 754-755 (W.D. Ky. 1995). As the parties seeking withdrawal, Defendants have the burden of proving that the Court should withdraw the

reference. *CIT Grp./Commercial Servs., Inc. v. Constellation Energy Commodities Grp., Inc. (In re Black Diamond Mining Co.)*, 2010 WL 5173271, at *1 (E.D. Ky. Dec. 14, 2010).

Here, Defendants seek to withdraw the reference of this matter from the Bankruptcy Court, arguing that the factors relevant to this Court's decision all weigh in favor of withdrawal. [DE 1]. GenCanna concedes that some of the factors weigh in favor of withdrawal, should trial become necessary, but argues that withdrawal is premature at this stage in the proceedings. [DE 2 at 9]. Defendants push back, contending that withdrawal should be immediate so as to avoid issues concerning judicial economy. [DE 7 at 3-5; DE 8 at 2-3]. The Court will consider the arguments in turn.

The parties both agree that the issue of whether these claims are core or non-core has been resolved by the Bankruptcy Court already, which ultimately determined that the Adversary Proceeding involves non-core issues. [DE 1 at 7; DE 2 at 9]. Additionally, the parties agree that the claims involved here include the right to a jury trial. Defendants argue that these being the most important factors, the Court should withdraw its reference to the Bankruptcy Court. [DE 1 at 7]. Standing alone, these factors weigh in favor of withdrawal. However, GenCanna argues that the mere existence of a jury demand and involvement of non-core issues is

5

not a basis to immediately withdraw the reference. [DE 2 at 11]. The Court agrees.

While it is true that the Bankruptcy Court may not enter a final judgment in non-core proceedings, it does have authority to issue proposed findings of fact and conclusions of law that the district court reviews *de novo*. Courts within the Sixth Circuit have treated the issue of withdrawal based on the presence of non-core claims to be tried by a jury as a timing issue, affecting when the District Court becomes involved in the action. *See In re The Antioch Co.*, 435 B.R. 493, 500-502 (S.D. Ohio 2010).

Although the Bankruptcy Court has determined that the claims asserted here are non-core and Defendant has the right to a jury trial, withdrawal is not appropriate at this time. The litigation of this adversary proceeding is still in its early stages and discovery is ongoing. Because of this, the Bankruptcy Court is in a better position to manage and handle the complex pre-trial issues and determine the contract claim to the ongoing bankruptcy matters. *See First Energy Solutions Corp. v. Bluestone Energy Sales Corp.*, No. 5:19MC95, 2019 WL 3423157, at *2 (N.D. Ohio July 30, 2019). In fact, the Bankruptcy Court has done just that in resolving the numerous motions filed since this Adversary Proceeding first began, including issues related to discovery, the parties, and in narrowing the claims filed by GenCanna. [DE 1 at 4; DE 2 at 4-8]. Thus, while the claims may be non-core, the proceedings at this

6

stage are best reviewed using the Bankruptcy Court's expertise, since issues involving bankruptcy provide context to the claims between the parties. *See In re Appalachian Fuels, LLC*, 472 B.R. 731, 745-746 (E.D. Ky. 2012); *see also First Energy Solutions Corp.*, 2019 WL 3423157, at *2.

Defendants argue that waiting to withdraw the reference would result in increased costs and the relitigating of various issues, and that because it is in the early stages of litigation, now is the time to withdraw. [DE 7 at 4, 9]. On the contrary, withdrawal of the reference at this time would likely delay, rather than expedite, the bankruptcy process. As explained above, the Bankruptcy Court has already made several determinations relevant to the early stages of litigation, including whether certain parties ought to be joined, the narrowing of issues in GenCanna's complaint, and other discovery. Nevertheless, this matter remains in the early stages of the pretrial process.

Given the proceedings thus far, and the bankruptcy issues involved in the background, the Bankruptcy Court has a particular expertise that is relevant to the claims here. The Bankruptcy Court has full knowledge of GenCanna's bankruptcy proceedings, the parties involved, and the relevant claims. *See In re Appalachian Fuels, LLC*, 472 B.R. at 745-746; *First Energy Solutions Corp.*, 2019 WL 3423157, at *2. However, that this matter is in the early stages of pretrial litigation and includes bankruptcy

7

considerations as a backdrop supports keeping in before the Bankruptcy Court. *See In re: Lifestyle Lift Holding, Inc.*, No. 16-13049, 2016 WL 6083754, at *3 (E.D. Mich. Oct. 18, 2016). Ultimately, allowing the Adversary Proceeding to remain in Bankruptcy Court at this time, as other courts in the Sixth Circuit have done, serves the best interests of judicial economy, resources, and uniformity.

## IV. CONCLUSION

Accordingly, for the reasons stated herein and the Court being sufficiently advised, **IT IS ORDERED** as follows:

(1) Defendants' Motion to Withdraw Reference [DE 1] is **DENIED**;

(2) Defendants' Motion to Set Hearing [DE 8] is **DENIED**;

(3) The Clerk **SHALL FILE** this Memorandum Opinion and Order in this action and send a certified copy to the Clerk of the United States Bankruptcy Court for the Eastern District of Kentucky; and

(4) This matter is **STRICKEN FROM THE COURT'S ACTIVE DOCKET** and **REMANDED** to the U.S. Bankruptcy Court for the Eastern District of Kentucky.

This the 31st day of March, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge